UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FAMILY VALUES RESOURCE INSTITUTE, INC.**

**VERSUS**

**STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, ET AL.**

**CIVIL ACTION**

**NO. 21-415-JWD-RLB**

**RULING AND ORDER**

This matter comes before the Court on two motions. The first is the *Rule 12(B) Motion to Dismiss on Behalf of the State of Louisiana through the Department of Children and Family Services* ("DCFS"), (Doc. 6), (the "*DCFS Motion*"). The second motion is the *Rule 12(B) Motion to Dismiss on Behalf of State of Louisiana Through the Division of Administration, Office of State Procurement* ("OSP") (DCFS and OSP are, collectively, "Defendants"), (Doc. 7), ("*OSP Motion*"). Plaintiff Family Values Resource Institute, Inc., ("Plaintiff") opposes both motions in part. (Doc. 12.) DCFS has filed a reply, (Doc. 17), as did OSP, (Doc. 18). Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

For the following reasons, the motion is granted in part and denied in part. In sum, the Court will dismiss the § 1983 claims, will deny leave to amend same as futile, and will decline to exercise supplemental jurisdiction over the state law claims.

I.  **Relevant Background and Parties' Arguments**

This suit involves Defendants' alleged arbitrary, retaliatory, and discriminatory failure to select Plaintiff for a state contract under a particular Request for Proposal ("RFP") and Defendants' alleged failure to reimburse Plaintiff for funds under such agreements. (*Petition for Damages*

("*Pet.*") ¶¶ 6–18, Doc. 1-2.) Plaintiff filed suit claiming that Defendants violated its constitutional rights in several ways, (*id.* ¶ 18), and that Defendants owe sums due under state law, (*id.* ¶ 8). (*See also Opposition*, Doc. 12 at 1–2.)

Defendants move to dismiss on a number of grounds. These include: (1) that Defendants, as arms of the state, are not "persons" within the meaning of 42 U.S.C. § 1983, and thus cannot be liable in an action for damages; (2) that any breach of contact claim is premature because Plaintiff did not submit a complaint or dispute to the Commissioner of Administration pursuant to the Louisiana Procurement Code, La. Rev. Stat. § 39:1551 *et seq.* ("LPC"); and (3) Plaintiff's claim related to the 2019 RFP should be dismissed because Plaintiff did not exhaust his administrative remedies pursuant to the LPC. (*DCFS Motion* ¶¶ 2, 4, 5, Doc. 6 at 1–2; *OSP Motion* ¶¶ 2, 3, Doc. 7 at 2.)

In response, Plaintiff concedes that its state law claims are premature. (*Opposition*, Doc. 12 at 7–8.) With respect to § 1983, Plaintiff also asserts that these claims are premature because they "should have gone through the totality of the administrative process at the state level." (*Id.* at 10.)

In reply, Defendants highlight which arguments were unopposed. (*DCFS Reply*, Doc. 17 at 1–2; *OSP Reply*, Doc. 18 at 1–2.) DCFS reiterates that the motion should be granted with respect to the § 1983 claim. (*DCFS Reply*, Doc. 17 at 2.) DCFS then urges that the sole unconceded claim should also be dismissed because one state agency cannot be vicariously liable for the actions of another state agency. (*Id.* at 2–4).

## II. Relevant Standards

### A. Rule 12(b)(1) Standard

Concerning the standard for Rule 12(b)(1) motions, the Fifth Circuit has explained:

> Motions filed under Rule 12(b)(1) ... allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
>
> When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). . . .
>
> In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Rule 12(b)(6) Standard

In *Johnson v. City of Shelby*, the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 574 U.S. 10, 11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that, in deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d at 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the

4

plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id.* at 503.

### III. Law and Analysis

#### A. Section 1983 Claims

Having carefully considered the matter, the Court will grant the motion to dismiss the § 1983 claims. Preliminarily, these claims appear to have been waived. "The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)); *see also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases' " and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived." (citing *United States v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir. 2009) and *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting that it is "not enough to merely mention or allude to a legal theory")); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver.").

"By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n.10); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing *United States v. Dominguez–Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) ("Dominguez has

5

failed to adequately raise or develop his due process and equal protection arguments in his appellate brief, and, thus, they are waived."); *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones."))).

Here, Plaintiff failed to address the heart of Defendants' arguments on § 1983 and instead only contends that the claims are premature. On this ground alone, the Court could dismiss the § 1983 claims. *See JMCB*, 336 F. Supp. 3d at 634 (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *see also Wuestenhoefer*, 105 F. Supp. 3d at 672 (finding that relator waived argument as to how certain write-offs fell within a particular provision of the False Claims Act).

But, putting this aside, Defendants' motion to dismiss the § 1983 claims should be granted on the merits. "Section 1983 provides a private right of action for damages to individuals who are deprived of 'any rights, privileges, or immunities' protected by the Constitution or federal law by any 'person' acting under the color of state law." *Griffin v. La. State Bd. of Nursing*, No. 21-303, 2021 WL 5239585, at *3 (M.D. La. Nov. 10, 2021) (deGravelles, J.) (quoting *Williams v. Louisiana*, No. 17-453, 2019 WL 1003645, at *4 (M.D. La. Feb. 28, 2019) (deGravelles, J.) (quoting *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (internal quotations omitted))). "The Supreme Court has 'held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.' " *Id.* at *5 (quoting *Williams*, 2019 WL

6

1003645, at *4 (quoting *Med. RX/Sys., P.L.L.C. v. Tex. Dep't of State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga*, 535 U.S. 613, 617 (2002)))). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Id.* (quoting *Williams*, 2019 WL 1003645, at *4 (internal citations and quotations omitted)).

Here, Plaintiff does not seriously dispute that Defendants are arms of the State, nor can it. *See Martin v. Dep't of Child. & Fam. Servs.*, 500 F. Supp. 3d 527, 543–44 (E.D. La. 2020) (dismissing § 1983 claim for monetary damages against DCFS because "DCFS is an arm of the state" and because it is thus "not considered [a] 'person[]' within the meaning of § 1983" (citations omitted));  *Clavo v. Townsend*, No. 11-2843, 2013 WL 1704910, at *3 (E.D. La. Apr. 18, 2013) (finding that court lacked subject matter jurisdiction over claims against an office within the Division of Administration because it was an "arm" of the state for purposes of sovereign immunity), *aff'd*, 544 F. App'x 549 (5th Cir. 2013); *Robinson v. Rd. Home Corp.*, No. 09-4782, 2010 WL 148364, at *2 (E.D. La. Jan. 12, 2010) (reaching same result as to different office within DOA).  Thus, Defendants are not "persons" within the meaning of § 1983, and any claims for damages against them must be dismissed.

B.  Leave to Amend

Federal Rules of Civil Procedure 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751

F.3d 368, 378 (5th Cir. 2014) (citing *Jones*, 427 F.3d at 994). The Fifth Circuit further described a district court's discretion on a motion to amend as follows:

> The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment." *Jones*, 427 F.3d at 994. (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. & Inde[m]. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." (citation and internal quotation marks omitted).

*Id.* 751 F.3d at 378.

In addition, the Fifth Circuit has made clear that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* (citing *Boggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Applying this standard, the Court will deny Plaintiff leave to amend. The law is well established that there is no § 1983 claim for damages against the state or arms of the state, and no amendment can change that. In short, any amendment would be futile, so these claims will be dismissed with prejudice.

### C. State Law Claims

"With all federal claims having been dismissed . . . , the Court will now 'look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity' to decide whether to exercise its discretion to

8

'relinquish jurisdiction over pendent state law claims.' " *Conway v. La. Through DPS&C*, No. 18-33, 2021 WL 357357, at *1 (M.D. La. Feb. 2, 2021) (deGravelles, J.) (quoting *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive") and *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors))). "The Court is also instructed to guard against improper forum manipulation, though that does not appear to be a factor here." *Id.* (cleaned up). "The Court must 'consider and balance each of the factors to determine' how to exercise its discretion." *Id.* (quoting *Enochs*, 641 F.3d at 159 (citing *Mendoza*, 532 F.3d at 346)).

"The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing *Enochs*, 641 F.3d at 159 (citing 28 U.S.C. § 1367(c))). Here, those factors weigh strongly in favor of declining to exercise supplemental jurisdiction. Should the Court stay the case until the state law claims are ripe, such issues will involve the specialized Louisiana Procurement Code, which is more complex than a run-of-the-mill state-law breach-of-contract claim. "[T]he second and third factor weigh strongly against retaining jurisdiction, as the 'state law claims predominate over the non-existent federal claims' and this court 'dismissed all federal claims.' " *Conway*, 2021 WL 357357, at *1 (quoting *Enochs*, 641 F.3d at 159). "Neither party cites to a compelling reason for declining jurisdiction, so the fourth factor is neutral." *Id.* (citing *Taplette v. LeBlanc*, No. 19-448, 2020 WL 1979652, at *3 (M.D. La. Apr. 7, 2020), *report and recommendation adopted*, No. 19-448, 2020 WL 1978363 (M.D. La. Apr. 24, 2020)). Thus, three of the four factors weigh in favor of declining jurisdiction (and two heavily so); consequently, "the statutory factors weigh strongly in favor of

9

declining jurisdiction." *See id.* (reaching this conclusion when only the second and third factors weighed "strongly against retaining jurisdiction").

"The Court now turns to the common law factors of 'judicial economy, convenience, fairness, and comity.' " *Id.* at *2. "These considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court." *Id.* (quoting *Pullins v. Hancock Whitney Bank*, No. 19-00006, 2021 WL 96246, at *12 (M.D. La. Jan. 11, 2021) (Dick, C.J.) (citing *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014))).

Here, the common law factors weigh in favor of declining to exercise supplemental jurisdiction. Because of the pending motions to dismiss, no scheduling conference has been set. (Doc. 15.) Further, no other substantive or extensive rulings have been issued, and no hearing has been held. This suit originated in the 19th Judicial District Court in Baton Rouge, and that forum is just as convenient for the parties as the current one (it is, in fact, just a few blocks from the federal building). Finally, no party will be unfairly prejudiced by sending this matter to state court, particularly since Plaintiff recognizes the need to run its administrative business to ground before pursuing its claims.

Consequently, the Court will decline to exercise supplemental jurisdiction over all state law claims. The Court also reminds Plaintiff of his obligations under Rule 11 (and its state law equivalent) about continuing the action before the matter is ripe.

### IV. Conclusion

Accordingly,

10

**IT IS ORDERED** that the *Rule 12(B) Motion to Dismiss on Behalf of the State of Louisiana through the Department of Children and Family Services,* (Doc. 6), and the *Rule 12(B) Motion to Dismiss on Behalf of State of Louisiana Through the Division of Administration, Office of State Procurement*, (Doc. 7), are **GRANTED IN PART** and **DENIED IN PART**. The motions are **GRANTED** in that the § 1983 claims against Defendants are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** with respect to the state law claims, and the Court will decline to exercise supplemental jurisdiction over same.

Signed in Baton Rouge, Louisiana, on January 14, 2022.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**